RITZ v. TANNEHILL ET AL.

1. **County Bridges:** TOWNSHIP AID TAX: VALIDITY OF: CERTIORARI.
A tax voted by the electors of a township to aid in the construction of a county bridge, under chapter 63, Laws of 1882, is invalid, unless the board of supervisors have first estimated the cost of the proposed bridge, and determined by such estimate that it will cost at least $10,000; and a tax voted without such estimate will be set aside on *certiorari* at the suit of a tax-payer.

*Appeal from Van Buren Circuit Court.*

MONDAY, OCTOBER 11.

THE plaintiff is a resident and tax-payer of Village township, Van Buren county, and, as such, caused to be issued a *certiorari* for the purpose of determining the legality of a tax voted by the electors of the township for the purpose of aiding in the erection of a county bridge across the Des Moines river in said township. The defendants are the township trustees. The court annulled and set aside the tax, and the defendants appeal.

*D. C. Beaman*, for appellants.

*Wherry & Walker*, for appellee.

SEEVERS, J.—It cannot be doubted that, in order to sustain the tax, there must be a statute authorizing it, and counsel for the appellant contend that there is such a statute, and that the tax was voted in strict accordance therewith. Such statute provides "that it shall be lawful for any township * * * to aid in the construction of county bridges, when the estimated cost of the same is not less than $10,000, as fixed by the board of supervisors; * * * but the aggregate amount of the tax shall not exceed one-half of the estimated cost of the bridge sought to be aided, as

fixed by the board of supervisors." Chapter 63, Acts Nineteenth General Assembly; Miller's Code, (1886,) p. 149.

In the petition asking the writ, several grounds were stated why the tax was illegal, among which were "that, at the time said election was called and held, there had been no estimate made or fixed by the board of supervisors of the cost of such bridge, as provided by statute." In their return to the writ the defendants admitted that no such estimate had been made, and it was also stated in the return, in substance, that the board of supervisors had adopted a general policy of constructing iron bridges across the Des Moines river at such towns and points as would raise, by subscription or taxation in aid thereof, a sum equal to one-third of the cost of such bridge; and, in pursuance of such policy and local aid so furnished, there had been five iron bridges erected across said river, which cost from $33,000 to $40,000 each; that no estimate of the cost of any of said bridges was made prior to the election at which a local tax was voted. The bridges above mentioned were erected in the eastern portion of the county, and the board had, long before the election in question, agreed with those interested that, whenever local aid was voted, bridges should be erected in the western half of the county, where it was proposed to erect the bridge in question. We have not set out at length the whole of the return to the writ, but we think sufficiently so to fully present the question we think it essential to determine. It perhaps should be stated that it is admitted in the return that the tax in question amounts to $13,000, but that not more than $12,000 would probably be collected.

We think it quite clear and evident, under the power conferred by the statute, that the electors of a township can only vote taxes in aid of the erection of county bridges where the cost is at least $10,000, which estimate or cost must be fixed by the board of supervisors. The clear import of the statute is that such estimate must precede the vote, for the reason that the tax in no case shall exceed one-half of the esti-

mated cost of the bridge.  This cannot be known until the estimate is made.  As the question is one of power, which is and must be conferred on the electors of the township, it is immaterial what may have been the previous policy of the board, or whether bridges have been erected in aid of which taxes have been voted without any estimate having been made by the board.  The plaintiff, as a tax-payer, may well stand on and assert his legal rights, and say that the tax in question is illegal, and has not been voted and levied in accordance with the statute, and therefore ask the aid of the courts to set it aside, and relieve him from the burden attempted to be imposed.

The judgment of the circuit court is

AFFIRMED.